UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-32-01-F
No. 7:05-CV-203-F

JERMAINE DONNELL KORNEGAY )
    Movant, )
   )
v. )    O R D E R
   )
UNITED STATES OF AMERICA )
    Respondent. )

This matter is before the court for ruling on the Government's Motion to Dismiss [DE-35] Jermaine Donnell Kornegay's § 2255 motion [DE-25, revised by DE-29] for failure to state a claim upon which relief may be granted. Kornegay has filed a response [DE-38] thereto, and the matter is ripe for disposition. Kornegay raises a number of claims in his § 2255 motion, primarily accusing his trial counsel of rendering ineffective assistance. He also contends that had his lawyer not been an "instrument of coercion" resulting in his withdrawal of his direct appeal, he would have been eligible for relief under *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Kornegay entered into a plea agreement with the Government on May 27, 2004, in which he agreed to plead guilty to Count One of a four-count indictment. Count One charged one count of conspiracy to distribute and to possess with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841. The maximum penalty for that offense is life imprisonment. As part of the plea agreement, the Government promised, *inter alia*, to dismiss Counts Two, Three and Four of the Indictment.

At Kornegay's Rule 11 hearing, the undersigned advised him, *inter alia*, of the penalties for each of the counts in which he was charged,[1] ensured that he had consulted with his counsel concerning the charges and penalties, his guilty plea, and the possible consequences of pleading guilty. Among the exchanges that took place during the Rule 11 hearing between Kornegay, under oath, and the undersigned, were the following:

> THE COURT: Now, this morning you indicated you didn't feel that Ms. Berry had – was working with you. Are you satisfied with Ms. Berry's services?
>
> MR. KORNEGAY: Yes, Sir.
>
> THE COURT: And you're withdrawing any request for new counsel?
>
> MR. KORNEGAY: Yes, Sir.
>
> THE COURT: Do you understand that your attorney's calculation of your anticipated guideline range is only an estimate, and that it is the court that will determine your guideline range:
>
> MR. KORNEGAY: Yes, Sir.

Rule 11 Hearing, Tp. 22.

After the prosecutor read the terms of the plea agreement into the record, the undersigned advised,

> THE COURT: That even if a sentence up to the
>
> statutory maximum is imposed, the defendant may not withdraw
>
> his plea of guilty.

---

[1] Count One carried a mandatory minimum sentence of ten years and a maximum of life; Count Two carried a mandatory minimum of five years and a maximum of 40 years; Count Three carried a mandatory minimum sentence of ten years and a maximum of life; and Count Four exposed him to not less than five not more than 40 years. His total exposure, prior to entry of his guilty plea, was two life sentences, plus 80 years.

2

*Id.* at 26. Thereafter, Kornegay confirmed under oath the correctness of the terms of the plea agreement, and he also acknowledged that he understood

> that you reserve only the right to appeal from an upward
> departure from the Guidelines established at sentencing and that
> you otherwise waive all rights to appeal whatever sentence is
> imposed, and you waive all rights to contest your conviction or
> sentence in a post-conviction proceeding except one predicated
> upon the grounds of ineffective assistance of counsel or
> prosecutorial misconduct not known to you at this time . . . .

*Id.* at 28-29. The undersigned also inquired, "Do you understand that you might receive up to the maximum sentence permitted by law and if that were to occur you could not withdraw your plea?" to which Kornegay responded, "Yes, Sir." *Id.* at 29-30.

Kornegay was sentenced on November 9, 2004. Kornegay was the recipient of a Motion for Downward Departure, pursuant to U.S.S.G. § 5K1.1, in which the Government sought a reduction in Kornegay's sentence under the Guidelines in recognition of his substantial assistance. In light of the Government's motion, defense counsel announced that she did not wish to be heard on the several objections, including "an objection with regard to the Probation Officer's determination that Mr. Kornegay is a career offender. That is a *Blakely* preservation type of objection. . . . I'm aware of what the Fourth Circuit's position is with regard to the Guidelines. We respect that as the law in this circuit at this time." Sentencing Hearing Tp. 7.

The law to which defense counsel referred was the Fourth Circuit Court of Appeals' ruling in *United States v. Hammoud*, 391 F.3d 316, 353-54 (4th Cir. 2004) (en banc), that the *Blakely* ruling did not apply in the Fourth Circuit, but that district court judges should impose alternative sentences pending the Supreme Court's much-anticipated orders in *Booker* and *Fan-Fan*. The undersigned followed the circuit court's direction and imposed on Kornegay an alternative sentence, as well as a Guideline sentence. That sentence was well below the

statutory maximum and below Kornegay's Guideline Range in honor of the Government's motion for downward departure.

In affirming another of this court's orders, the Fourth Circuit Court of Appeals very recently held that "an alternative identical sentence treating the Guidelines as advisory renders harmless any *Booker* error." *United States v. Revels*, ___ F.3d ___, No. 05-4142, 2006 WL 1134148 (4th Cir. May 1, 2006). Therefore, even if *Booker* or *Blakely* were applicable to his sentencing (neither were), to the extent Kornegay seeks relief on grounds that he was sentenced in violation of either case, his claims are meritless.

Kornegay also complains that his lawyer coerced him into signing the Memorandum of Plea agreement by telling him if he did not do so, he would be sentenced to life. In fact, his attorney gave him sound advice. If Kornegay had gone to trial on the Indictment and been convicted of *either* Count One or Three, he would have received a **mandatory** life sentence because he had "two or more" prior felony drug convictions.[2] *See* 21 U.S.C. § 841((b)(1)(A). His plea agreement and his decision to cooperate with the Government, together with the court's sustaining his objection at sentencing to a role in the offense adjustment, resulted in a much, much more lenient sentence than he otherwise would have received.

The court has carefully reviewed Kornegay's other contentions, and concludes that none state a claim upon which relief may be granted, in light of the record herein.

---

[2] Kornegay is mistaken that his prior felony drug convictions were improperly considered in calculating his sentence, based on a *Blakely* or *Booker* theory. Although neither case applied to his sentencing, even if they did, they would afford him no relief. The fact of a prior conviction explicitly is excluded from the rule announced in *Booker*.

4

Accordingly, the Government's Motion to Dismiss [DE-35] is ALLOWED, and this action hereby is DISMISSED. Any other pending motions are DENIED as moot.

SO ORDERED.

This __12th__ day of May, 2006.

_____
JAMES C. FOX
Senior United States District Judge