UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-32-01-F3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JERMAINE DONNELL KORNEGAY, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's letter dated November 17, 2010, asking the court to reconsider its November 8, 2010 Order [DE-72] denying his *pro se* Motion to Reduce Sentence [DE-71] pursuant to 18 U.S.C. § 3582(c) and § 8 of the Fair Sentencing Act of 2010 ("FSA"). For the following reasons, the defendant's motion [DE-73] is DENIED without prejudice.

As this court already has explained, § 3582(c)(2) allows a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement can be found in U.S.S.G. § 1B1.10(a), which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (c) below*, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.*

*Id.*(emphasis added). Therefore, if an amendment is not listed in U.S.S.G. § 1B1.10(c), it may not be applied retroactively on a § 3582(c) motion.

As this court already has observed, the FSA amendments to the advisory sentencing guidelines are not among those listed in U.S.S.G. § 1B1.10(c). Kornegay, therefore, cannot rely on § 3582(c)(2) as a basis to reduce his sentence. Nothing in the case upon which Kornegay relies in his latest motion, *United States v. Victores*, No. 09-12270, 2010 WL 4455126 (11th Cir. Nov. 8, 2010)(per curiam), suggests anything to the contrary. In *Victores*, the relevant amendment to the advisory sentencing guidelines–Amendment 706–was made retroactive by the Sentencing Commission and listed in U.S.S.G. § 1B1.10(c) as a retroactive amendment. *Id.* at *1. *See also United States v. Dunphy*, 551 F.3d 247, 249 (4th Cir. 2009)(noting the Sentencing Commission "added Amendment 706 to the list in U.S.S.G. § 1B1.10(c) policy statement that designates those guidelines amendments which may be applied retroactively").

Accordingly, Kornegay's latest motion [DE-73] seeking the reduction of his sentence pursuant to § 3582(c) is DENIED without prejudice to renew should the Sentencing Commission later announce that § 8 of the FSA is to be applied retroactively.

SO ORDERED.

This the 24th day of November, 2010.

JAMES C. FOX
Senior United States District Judge